# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAY F. VERMILLION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 3:10 CV 0119 PS |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Jay Vermillion, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, concerning a prison disciplinary hearing [DE 1]. Vermillion was charged with the offense of trafficking, and on August 12, 2009, a disciplinary hearing body ("DHB") found him guilty and imposed a loss of thirty days of earned credit time, demoted him to a lower credit class earning classification, imposed a sixty-day phone restriction, and sentenced him to disciplinary segregation for a year. Vermillion has a protected liberty interest in the good time credits he has earned because the loss of such credits affects the length or duration of his confinement. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). Accordingly, habeas corpus relief is an appropriate remedy for the loss of good time credits. *Id.*; *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

The Respondent has filed a motion to dismiss, asserting that on August 30, 2010, the Indiana Department of Correction ("IDOC"), by authority of the Final Reviewing Authority, vacated the finding of guilt entered by the DHB in the disciplinary action Vermillion challenges, and remanded the case for a rehearing [DE 13]. The Respondent attaches a letter from Charles Penfold, addressed to Vermillion, dated August 31, 2010 [DE 14-1], which states that the finding

of guilt in Case # ISP09-08-0006—the disciplinary action that Vermillion challenges [DE 14-2; DE 1]—has been set aside and the case has been remanded for a hearing before a DHB composed of new members.

Vermillion has filed a traverse, contesting the Respondent's motion to dismiss [DE 15]. Vermillion presents two arguments: (1) that the Respondent has incorrectly stated the length of time Vermillion spent in disciplinary segregation; and (2) that the document the Final Reviewing Authority sent to Vermillion did not specifically vacate or set aside the original sentence [*Id*.].

As to Vermillion's first argument, the Respondent states that the "sanctions imposed in this case were time served in disciplinary segregation, a thirty-day earned credit time deprivation, demotion to credit class II and a sixty-day loss of phone privileges" [DE 14 at 1]. Vermillion, however, denies that the sanctions imposed in this case included "time served" in disciplinary segregation [DE 15, ¶¶ 2, 4, 6 & 8].

The report of the disciplinary hearing Vermillion submitted along with his petition for writ of habeas corpus is difficult to read, but it appears to show that Vermillion is correct that the DHB sentenced him to one year in segregation, rather than to time served [DE 1-1 at 5]. But, regardless, a prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the *lengthening* of the duration of the prisoner's confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Thus, a petition for writ of habeas corpus may be filed only for sanctions that affect a prisoner's outdate, not sanctions that place him in disciplinary segregation. *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). Accordingly, for the purposes of this action, it is immaterial how long Vermillion spent in disciplinary segregation.

As to Vermillion's second argument, the Respondent asserts that the Final Reviewing Authority has remanded the disciplinary case in which Vermillion lost earned credit time to the disciplinary hearing board, which renders this case moot [DE 14 & 14-1]. In paragraph one of his traverse, Vermillion denies that the August 12, 2009, guilty verdict and sanctions have been vacated [DE 15, ¶¶ 1, 3, 5, 7 & 9-10]. Vermillion specifically asserts that Mr. Penfold's August 31, 2010 letter "does not state that the August 12, 2009 'guilty verdict,' 'conviction,' or 'sanctions' have been 'vacated.'" [*Id*., ¶ 7].

But Mr. Penfold's August 31, 2010 letter shows that the Final Reviewing Authority remanded Vermillion's case for a rehearing by the Conduct Adjustment Board, which "shall be composed of all new members for the rehearing" [DE 14-1]. While this letter may not specifically use the terms "vacated" or "set aside," it nonetheless vacates the initial finding of guilt, and orders that another hearing be held, the results of which will replace the results of the initial hearing.

The parties have not advised the Court whether the rehearing has been conducted. If the case has been re-heard and the original sentence is no longer in effect, then the hearing and sanctions Vermillion challenges here are moot because the original finding of guilt no longer affects the length or duration of his confinement. If the case has not been reheard, but prison officials have restored Vermillion to his original credit time earning classification, and restored all credit time he lost as a result of the original disciplinary hearing, then this case is also moot. If, on the other hand, the rehearing has not been held, and Vermillion's credit time has not been restored, he may ask prison officials to conduct such a hearing using Mr. Penfold's August 31, 2010 letter as authority. If prison officials have not conducted a rehearing, have not restored Vermillion's lost credit time, and do not conduct a rehearing upon request, Vermillion may move

to reopen this case, advising the Court that prison officials have refused to abide by the Final Reviewing Authority's directive, and that the original finding of guilt on August 12, 2009 still affects the length or duration of his confinement.

For the foregoing reasons, the Court **GRANTS** the Respondent's motion to dismiss [DE 13] and **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus as moot. If prison officials have not afforded the Petitioner a rehearing as directed by the IDOC Final Reviewing Authority, and Petitioner's credit time earning classification and lost credit time have not been restored, the Petitioner may move to reopen this case.

**SO ORDERED**.

ENTERED: March 16, 2011

                                                  /s/ Philip P. Simon
                                                  PHILIP P. SIMON, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT